## THE CEPHEUS.[1]

### (District Court, E. D. New York. March 10, 1885.)

**TUG AND TOW—SALVAGE AWARD RECOVERABLE AS DAMAGES IN COLLISION.**

Several boats were being towed along-side a tug, when the tug was run into by a steam-boat coming up from behind, and some of the towing lines were broken by the collision, and others were cast off by direction of the master of the tug, who thought the tug was sinking, and the boats went adrift towards the shore, and were in danger of destruction. They were saved by other tugs, for whose services salvage was awarded against them by this court. *Held*, that, under all the circumstances, the peril in which the boats were placed was the natural and immediate result of the wrongful act of the steam-boat in running into the tug, and the owners of the boats were entitled to recover from the steam-boat the amounts they had paid for the salvage.

In Admiralty.

*Carpenter & Mosher* and *Jas. K. Hill, Wing & Shoudy*, for libelants.

*W. S. MacFarlane*, for the Cepheus.

BENEDICT, J. These actions were tried together. They are brought against the Cepheus,—the first, to recover the damages to the barge Manhattan No. 12; the second, to recover for damages to the chunker No. 2,104; the third, for damages to the canal-boat Two Brothers;— these damages being in each case asserted to have been the result of a collision between the steam-boat Cepheus and the tow of which these boats formed a part. It is proved and not denied that while the boats in question were being towed along-side the tug James Mc-Mahon, near Hell Gate, the steam-boat Cepheus, coming up from behind, ran into the James McMahon. None of the boats in the libels mentioned were injured by direct contact with the Cepheus, but some of the towing lines were broken by the collision, others were cast off by direction of the master of the James McMahon immediately after the blow, upon the cry of his engineer that his boat was sinking, and the tow thus broken up. The tide being strong, as soon as the lines were cast off, the boats in the libels mentioned began to drift towards the shore, and were put in danger of destruction. They were saved by the exertions of other tugs, for which salvage has been awarded against them.

The only question in this case is whether the peril in which the boats were put after the tow broke up was the natural and immediate result of the act of the Cepheus in running into the James Mc-Mahon, or whether it is to be attributed to unnecessary action on the part of the master of the James McMahon in casting off the lines, and to the neglect of the master of the James McMahon to pick up his boats when he might, after he discovered that his boat was not really injured. Upon the whole, considering the locality, the nature of the blow given, and its effects, I am of the opinion that all the damages in

---

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

question must be held to be the natural consequence of the wrongful act of the Cepheus in running into the tow.

The case of the Two Brothers and the boat No. 2,104 is not as clear as the case of the Manhattan No. 12; but, after all, is sufficiently clear to warrant a decree in their favor.

Let a decree in favor of the boats be entered in each case.

---

THE ELLA B.

*(District Court, N. D. New York.   July 15, 1885.)*

ADMIRALTY JURISDICTION—TUG ENGAGED IN TOWING SMALL CRAFT IN HARBOR OF BUFFALO—LIBEL FOR SEAMEN'S WAGES.

A tug of less than five tons burden, whose chief occupation is the towing of canal-boats and other small craft about the harbor of Buffalo and adjacent waters, occasionally running out upon lake Erie and the Niagara river, is engaged in aiding commerce upon navigable waters of the United States, and within the admiralty jurisdiction.

In Admiralty.

*Frank F. Williams*, for libelant.

*D. G. Jackson*, for respondent.